UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RITA K. FENWICK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:13-CV-1090-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| HARTFORD LIFE & ACCIDENT ) | **ORDER ON OBJECTIONS TO** |
| INSURANCE COMPANY, ) | **MAGISTRATE JUDGE'S** |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's Objections to Magistrate Opinion & Order (Dkt 79) [R. 80], the defendant's Motion for Extension of Time to File Its Response to Plaintiff's Objections to Magistrate Opinion and Order [sic] [R. 81], and the defendant's Motion for Leave to File Response to Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order [R. 83]. For the reasons set out below, the Court will permit the defendant to file its response to the plaintiff's objections, will deem that response timely filed, and will overrule the objections.

### I.     Motion for Leave to File Response

As a preliminary matter, because the Court believes that the defendant's response will aid it in resolving the issues, it will grant the defendant's Motion for Leave to File Response to Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order [R. 83]. Local Rule 72.2, titled "Objections to Non-Dispositive Ruling of Magistrate Judge," provides that "**[u]nless directed by the Court**, no party may file any response to a written objection." LR 72.2

(emphasis added). Thus, the local rule clearly contemplates the discretionary authority of the Court to grant leave for a party to file such a response.

## II. Standard of Review for Objections to Magistrate Judge's Order

Under Fed. R. Civ. P. 72, the district court reviews timely objections to a magistrate judge's order on non-dispositive matters under a "limited" standard of review: the district court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993); Fed. R. Civ. P. 72(a).

A finding of fact "is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS-DW, 2017 WL 1227943, at *2 (W.D. Ky. Mar. 31, 2017); *Knox v. Prudential Ins. Co. of Am.*, No. 3:13-CV-00424-CRS, 2014 WL 7004067, at *2 (W.D. Ky. Dec. 10, 2014) (both citing *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Under this standard, the question is not whether the magistrate judge's factual conclusions were "the best or only conclusion[s] that can be drawn from the evidence." *Knox*, 2014 WL 7004067 at *2 (citing *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). "This standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge." *Tri-Star*, 75 F. Supp. 2d 835 at 839. Instead, the court need only "determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id.*; *Knox*, 2014 WL 7004067 at *2.

By contrast, "[t]he magistrate judge's legal conclusions . . . are subject to the plenary contrary-to-law standard. A legal conclusion is contrary to law when it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. Therefore, the Court must exercise 'independent judgment' in reviewing the legal conclusions of the

magistrate judge." *Knox*, 2014 WL 7004067 at *2 (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)) (internal citations omitted). Here, as the Magistrate Judge's Memorandum Opinion and Order ably reviews both the facts and the applicable law, the Court will only discuss those aspects of each which are necessary to resolve the plaintiff's objections.

### III. Objections to Magistrate Judge Lindsay's Memorandum Opinion and Order

The plaintiff objects to several aspects of the Magistrate Judge's Memorandum Opinion and Order. The Court will explain its reasons for overruling each in turn.

#### A. Whether the Defendant Must Respond to the Plaintiff's First Set of Discovery Requests in Its Entirety

The plaintiff first objects to the Magistrate Judge's rulings that the defendant is not required to respond to several of her first set of discovery requests. The plaintiff states that the Court previously granted her motion to compel, entitling her to complete responses to each request. [R. 80 at p. 7] The plaintiff further argues that the Magistrate Judge erred in ruling that the defendant need not respond to Interrogatory No. 8, concerning Hartford's relationship with Target; Requests for Production Nos. 3 and 11, concerning the Reserve Buy-Out and reserves; Request for Production No. 1, Hartford Life and Accident Insurance Company's (HLAIC) "Claims Excellence" manual; and Request for Production No. 7, regarding delegation of discretionary authority. [R. 80 at pp. 7-15]

As a preliminary matter, the Magistrate Judge's Memorandum Opinion and Order explicitly held that *that* Order controls the scope of the parties' discovery obligations in this matter and that "[t]he parties need not continue to dispute or rely upon the implications of the Court's order of October 27, 2014 (DN 27) that granted [the plaintiff's] motion to compel." [R.

79 at p. 35, ¶3[1]] The plaintiff offers no reasoning supporting her assertion that the Order at [R. 28] is operative. C*ontra* [R. 80 at p. 7]. Accordingly, the Court finds no clear error (and nothing contrary to law) in this ruling and finds meritless the argument that the prior Order of the Court entitles the plaintiff to the discovery responses she seeks.

a) **Interrogatory No. 8 and Requests for Production Nos. 3 and 11**

Citing to record documents but to no law, the plaintiff argues that the Magistrate Judge's decision on these discovery requests was wrong because "HLAIC benefits financially both from the infusion of capital from Target reflecting the negotiated cost of the Buy-Out and also from 'influenc[ing] outcomes'" and "the exact details of the Reserve Buy-Out and the reserves maintained on [the plaintiff's] claim are critical to evaluating the extent to which HLAIC's financial bias infected the claims process." [2] [R 80 at p. 8]

The Court is unpersuaded by these arguments because they are unsupported by any citations to legal authority, and because its own independent review of the law has revealed no error with the Magistrate Judge's conclusions of law: that the reserve information requested in Request for Production No. 3 falls outside the scope of permissible ERISA discovery recognized in this district, and that Interrogatory No. 8 and Request for Production No. 11 do not relate to permissible ERISA discovery or to the plaintiff's allegation of a conflict of interest.[3] The

---

[1] While the Order at [R. 79] references the Order docketed at [R. 27], it appears that the Orders docketed at [R. 27] and [R. 28] are identical.

[2] In support of her arguments that bias drove the defendant's review of her claim and appeal, the plaintiff quotes portions of the record containing statements apparently made at annual meetings of the "Society of Actuaries," but without explaining who made these statements, how the speakers are or were connected to HLAIC, or how the statements demonstrate that the plaintiff is entitled to the specific discovery she seeks. *See* [R 80 at p. 8, R. 18-3 at p.1, R. 18-4 at p. 1]. Accordingly, the Court is unpersuaded by these bare quotations.

[3] To the extent that the Magistrate Judge's ruling that the information does not relate to the alleged conflict of interest was a finding of fact rather than a conclusion of law, the Court still sees no clear error. There was evidence to support the finding – the wording of the discovery requests – and the Court sees nothing unreasonable about the finding.

Magistrate Judge's decision did not contradict or ignore applicable precepts of law. Thus, the Court finds that the Magistrate Judge did not commit clear error or rule contrary to law as to these discovery requests.

### b) Request for Production No. 1

Request for Production No. 1 originally asked for "[d]isability claim manual(s)." [R 18-7 at p. 4] The plaintiff has served a new request seeking "HLAIC's 'Claims Excellence' manual." [R. 76-3 at p. 3] The plaintiff claims that *Mullins* and *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *10 (W.D. Ky. Nov. 24, 2015) entitle her to this manual. Having reviewed these cases, the Court is convinced that they do not.

*Mullins* flatly contradicts the plaintiff's position that she is entitled to the manual simply because it "contains the guidelines for administering claims and is made a part of training claims personnel." [R. 80 at p. 9] In *Mullins*, the Court ruled that the defendant was required to produce training materials or quality review procedures only "to the extent that such training materials or quality review procedures were **relied on**" by the defendant in the administration of the plaintiff's claim. *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 520 (W.D. Ky. 2010) (emphasis added). However, the plaintiff has not even argued that the "Claims Excellence" manual was relied on in the administration of her claim, so she has not met the *Mullins* prerequisite for production of the manual.

Similarly, the plaintiff argues that because the Magistrate Judge's opinion indicated that the plaintiff was permitted to serve an amended request consistent with the requirements of *Davis*, her new request for production is permitted, as it "seeks a specific document – the 'Claims Excellence' manual." [R. 80 at p. 9 (emphasis removed)] But the requirement in *Davis* – which the Magistrate Judge reiterated – is not merely that requests for production must seek

"specific" documents, but that they seek "only . . . those administrative materials **used in processing the claimant's claim** for benefits." *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *10 (W.D. Ky. Nov. 24, 2015) (emphasis added); [R. 79 at 18]. As the plaintiff presents neither evidence nor argument that this manual was used in processing her claim, *Davis* and the Court's previous order do not entitle her to the manual.[4]

Thus, the Court finds no clear error and nothing contrary to law in the Magistrate Judge's order as to this request for production.

c) **Request for Production No. 7**

Request for Production No. 7[5] asks for "[e]ach document demonstrating any delegation of discretionary authority." [R. 18-7 at p. 4] Citing *Myers*, the Magistrate Judge ruled that "the plan itself should be all that a plaintiff requires to determine if there is any delegation of discretionary authority." [R. 79 at p. 22]

In the main section of her objection dealing with this issue, the plaintiff does not clearly dispute the Magistrate Judge's legal conclusion. She essentially argues that a single word ("any") in Request for Production No. 7 changes its meaning to encompass not just delegation of discretionary authority to HLAIC in the Plan, but "delegation" of authority from HLAIC to anyone else. [R. 80 at p. 10] She states that discovery has revealed that HLAIC does not employ those who decided the plaintiff's claim and appeal, apparently trying to argue that this means that HLAIC further "delegated" the authority that was delegated to it. *Id.* Following this line of logic,

---

[4] The plaintiff makes a passing reference to the reason for requesting this manual to be "to show HLAIC's conformity with" ERISA, since claim regulations require insurers to "establish and maintain" claim procedures. [R. 80 at p. 9] However, this undeveloped argument does not show that the regulations provide an independent basis, unrecognized in *Davis* and *Mullins*, entitling a plaintiff to request such materials regardless of whether they were used in processing her claim.

[5] While the plaintiff's objection asks that the Court "require HLAIC to respond to request for production no. 6," [R. 80 at p. 11], the intended reference appears to be to Request for Production No. 7. *See* [R. 79 at pp. 21-22].

she concludes that this request included documents specified in several of her new discovery requests (which go to the relationship between HLAIC and Hartford Fire Insurance Company). *See Id.* at pp. 10-11. The plaintiff also cites *Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355 (6th Cir. 2009) for the proposition that to alter the applicable standard of review in this case, HLAIC must prove not only that the Plan confers discretionary authority, but that HLAIC exercised that discretion. Later in her objections, the plaintiff quotes a passage from *Majestic Star* which slightly clarifies her argument, which appears to essentially be that if a different entity other than the one authorized by the Plan makes a benefits decision, *Majestic Star* provides for an exception to the rule that the Plan is all that the parties need to determine the standard of review. [R. 80 at p. 14]

While the plaintiff's arguments regarding *Majestic Star* and the allegation that HLAIC does not employ those who decided her claim and appeal might otherwise provide some support for her position that her new requests seek discoverable information, as discussed below, she did not request that information in a timely manner. And the argument that the language of Request for Production No. 7 includes the information in the new discovery requests is without merit. While *Majestic Star* does support the argument that the standard of review in an ERISA case can sometimes be determined by information in addition to the Plan itself (namely, information that an entity did not *exercise* authority delegated to it), that case does not contradict the Magistrate Judge's holding that the Plan itself should be all the plaintiff requires to determine if there was any *delegation* of authority. *Majestic Star*, 581 F.3d at 365 (internal quotation marks omitted). In fact, the plaintiff's own brief makes clear this distinction between the inquiry into delegation of authority and exercise of authority. *See* [R. 80 at p. 10 ("HLAIC must prove: (i) the LTD policy confers discretionary authority; and, (ii) HLAIC exercised its discretion.")] Thus, the

plain wording of the request for documents ("any *delegation*") does not support the plaintiff's argument. Rather, it supports the opposite view: that Request for Production No. 7 did not encompass the new requests, which really go to whether the entity authorized by the Plan was the same one that actually *exercised* the authority delegated to it.

For these reasons, the Court finds that the Magistrate Judge's ruling as to Request for Production No. 7 contained no clear error and was not contrary to law.

### B. Timeliness of the Plaintiff's Second Set of Discovery Requests

The plaintiff next objects to the factual bases of the Magistrate Judge's holding that the plaintiff's second set of discovery requests was untimely. However, the Court finds that there was evidence to support the Magistrate Judge's findings of fact on this issue, and that the findings were reasonable.

First, the plaintiff objects to the Magistrate Judge's finding of fact that "the reason for the stay of all deadlines in February 2017 was to allow the Court to resolve the ongoing dispute regarding the scope of discovery as it related to discovery requests already propounded by Fenwick." [R. 80 at p. 11 (citing R. 79 at p. 26)] The plaintiff argues that "when the parties filed their agreed stay they expressly noted a new discovery deadline would be set" because their proposed agreed order granting a stay included the line "[o]nce the Court enters an Order on Hartford's Motion, the Parties shall file a proposed amended scheduling order within 10 days to address the balance of this case (e.g. discovery and dispositive briefing deadlines)." [R. 80 at p. 11 (quoting R. 64 at p. 2)[6] (emphasis removed)] The problem with the plaintiff's argument is twofold. First, in granting the stay, the Magistrate Judge specifically declined to enter the parties' proposed agreed order, instead authoring a separate order with separate reasoning. [R. 64

---

[6] It appears to the Court that the intended reference is to [R. 63] at p. 2.

at p. 3] Thus, the fact that the Magistrate Judge cited a reason given by the parties in their proposed agreed order does not mean that he adopted wholesale all the parties' reasons for requesting it. Second, the language in the parties' proposed order did not actually "expressly note" a deadline for serving additional discovery requests. Thus, the language of the Order granting the stay is evidence supporting the Magistrate Judge's reasonable finding of fact.

Second, the plaintiff takes issue with the Magistrate Judge's finding that "nowhere in DN 65 did Fenwick suggest that she intended to or believed she had a right to propound additional discovery requests." [R. 80 at p. 12 (quoting R. 79 at p. 28)] The plaintiff cites to her suggestion that "[d]iscovery shall be completed by May 31, 2017." [R. 65 at p. 1 (emphasis removed)] The Court finds that there was evidence to support the Magistrate Judge's reasonable finding that this document does not contain any suggestion that the plaintiff intended to or believed she had a right to issue additional discovery requests. Indeed, having reviewed [R. 65], this Court does not see any such suggestion either. The plaintiff's suggestion of a date for completion of discovery does not in any clear way mention additional discovery requests. The plaintiff's argument that it would have been *logical* for her to make clear that she planned to ask for additional discovery does not change the fact that there was evidence for the finding that she failed to do so.

Third, the plaintiff objects to the Magistrate Judge's finding that "the parties reached an agreement as to completion of discovery that is . . . inconsistent with the position that Fenwick takes in response to the motion for protective order." [R. 80 at p. 12 (citing R. 79 at p. 28)] The plaintiff argues that she "agreed to limit future discovery to what the Court deemed appropriate after ruling on" the then-pending motion for clarification, but that "[t]his does not mean [the plaintiff] agreed to no further discovery, but she agreed to follow the Court's directive on discovery following a ruling on" the motion for clarification. [R. 80 at p. 12] The plaintiff then

acknowledges that the Court did not enter the parties' agreed order, but rather encouraged the parties "to work together to reach agreement as to what discovery Plaintiff will take." [R. 80 at pp. 12-13 (emphasis removed)]

However, the full context of the email exchange at issue supports the Magistrate Judge's reasonable finding of fact on this point. In that exchange, counsel for the defendant explicitly said "[o]ur concern is that we do not add more time for additional (yet unserved) discovery. If we have an agreement that the discovery period is closed except for those discovery issues currently pending before the Court (per the Motion for Clarification), then we can proceed with the order." [R. 83-2 at p. 3] Counsel for the plaintiff replied, "[w]e are in agreement that the future discovery will be limited to what discovery the court determines is appropriate when it rules on [the] motion for clarification" and asked counsel for the defendant to file the draft order with the Court. *Id.* at p. 2. Counsel for the defendant then indicated that they would file the order as requested. *Id.* These emails provide a basis for the reasonable finding that the parties agreed not to allow additional, unserved discovery, and to limit discovery to what the Court determined was appropriate. And contrary to the plaintiff's assertion, the phrase "what discovery plaintiff will take" does not clearly include *additional* discovery requests.

Fourth, the plaintiff objects to the Magistrate Judge's comment that "it appears to the Court that [the plaintiff] propounded the second set of discovery requests in effort to further complicate the case for [the defendant] – or even attempt to punish [the defendant] – after settlement negotiations failed." [R. 80 at p. 13 (citing R. 79 at p. 29)] To the extent that this comment can be characterized as a finding of fact, the Court discerns no clear error in it. There was evidence to support this finding: not only the evidence (discussed above) that the plaintiff did not believe she was entitled to additional discovery, but also the fact that "[a]pproximately

two weeks after the unsuccessful settlement conference" conducted by the Court, the plaintiff "served the second set of written discovery and, for the first time, sought a fourth deposition." [R. 79 at p. 29]  Given this evidence, the Magistrate Judge's statement was reasonable, and the plaintiff's alternative explanation for her behavior – "so that she would not cause either party to unnecessarily incur additional expense" – does not mean that there was no evidence to support this reasonable finding. *Contra* R. 80 at p. 13.

Next, the plaintiff argues that "[t]he Magistrate Judge's reasoning further ignores the fact [that] many of [her] discovery requests are directly tied to her prior discovery requests." [R. 80 at p. 13] But this objection does not show any clear error of fact or anything contradictory to law. The plaintiff does not cite to any legal authority suggesting that if an otherwise untimely second set of discovery requests is "directly tied" to a first set, this cures the untimely nature of the second set.  Nor does the plaintiff cite to any authority suggesting that once discovery requests are timely served, there is no time limit on clarifying or extending the requests.  She argues that the Magistrate Judge's order permitted an amended request for a claims manual if that request complied with the standard set out in *Davis*. [R. 80 at p. 13]  But that does not prove that the Magistrate Judge's order permitted additional discovery requests relating back to *all* of her original discovery requests.

The plaintiff then argues that "some of the discovery requests in [her] second set of requests, would fall under the Court's order on [her] first set of requests." [R. 80 at p. 14]  She cites as an example her first requests "concerning the delegation of discretionary authority and '[a]ll documents supporting each of Defendant's affirmative defenses,'" which she argues encompass her new discovery requests for documents regarding the "contractual agreement between HLAIC and Hartford Fire Insurance Company." *Id.*  The argument that the original

request for documents showing the delegation of discretionary authority is tied to these new requests has already been addressed above. The argument that the new requests ultimately tie into the defendant's affirmative defenses and thus one of the original requests to which the Court has ordered a response, does not show clear error in the Magistrate Judge's finding of fact, nor anything contrary to law. The plaintiff cites to no authority (nor any fact) demonstrating that, because the defendant might be obliged to produce documents in response to one of the earlier (timely) discovery requests, and because it might *also* have been obliged to produce some of the same documents in response to one of the later discovery requests (if they had been timely), then that means that the later discovery requests were not untimely. Obviously, where the Court has ordered responses to particular discovery requests, the parties must comply and respond to those discovery requests. But the plaintiff essentially asks this Court to rewrite the Magistrate Judge's Memorandum Opinion and Order to list, for example, specific documents sought in the second set of discovery requests as responsive to Request for Production No. 15. Because the plaintiff has not shown the Magistrate Judge's Order to be clearly erroneous or contrary to law, the Court declines to do so.

The plaintiff argues that "this Court's order instructed the parties to 'revisit their arguments in relation to the motion to compel in light of the law today'" and to "work together to reach agreement as to what discovery plaintiff will take," and that in compliance with that instruction, she "reviewed her prior motion to compel, as well as the current ERISA legal landscape, and decided what discovery she 'will take.'" [R. 80 at p. 15 (citing R. 64 at p. 3)] However, the instruction to revisit arguments, and the reference to "what discovery plaintiff will take," do not explicitly approve *additional* discovery requests.

For these reasons, the Court finds that the Magistrate Judge's order as to the untimeliness of the plaintiff's second set of discovery requests contained no clear error and was not contrary to law.

### C. Whether the Plaintiff is Entitled to Depose Jessie Hennessy

The plaintiff next objects to the Magistrate Judge's ruling that she is not entitled to depose Jessie Hennessy. The plaintiff does not identify any clearly erroneous finding of fact or any legal conclusion that was contrary to law in the Magistrate Judge's order. She reiterates her arguments that a) the Magistrate Judge's determination that her second set of discovery requests was untimely was in error; and b) the plaintiff "revisited her prior motion to compel and adapted her arguments and requests to the current case law pertaining to ERISA litigation." [R. 80 at p. 15] She also argues that Hennessy "made a decision concerning what occupations she believed [the plaintiff] can perform . . . [and] suffers from the same conflict of interest as HLAIC's claim and appeals personnel – permitting [the plaintiff] to take her deposition." [R. 80 at pp. 15-16]

The plaintiff's objections to the Magistrate Judge's determination on the timeliness of her second set of discovery requests are already addressed above. The plaintiff's argument that she revisited her prior motion to compel and for that reason only lately sought to depose Hennessy is repetitive and unresponsive to the Magistrate Judge's Order, which rejected that exact argument. [R. 79 at p. 33] Even assuming that there is a legal justification for the plaintiff to depose Hennessy, the plaintiff offers no concrete explanation as to why she requested this deposition so late. Her statement that "the scope and permissibility of depositions in ERISA cases has changed since she filed her original motion to compel" and her citation to a 2015 case, *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 419 (W.D. Ky. 2015), are non-specific and do not identify a

particular, relevant change in the case law explaining why she did not request this deposition before the close of discovery but waited until late 2017. [R. 80 at pp. 15-16]

For these reasons, the Court finds that the Magistrate Judge's order as to this discovery request contained no clear error and was not contrary to law.

Accordingly, having reviewed the Magistrate Judge's Memorandum Opinion and Order, the defendant's Objections, the defendant's Motion for Extension of Time to File Its Response to Plaintiff's Objections, the Motion for Leave to File Response to Plaintiff's Objections, and the Response to Plaintiff's Objections, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The defendant's **Motion for Leave to File Response to Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Order** [**R. 83**] is **GRANTED**. The **Response** [**R. 83-1 and R. 83-2**] is **DEEMED** timely filed. The Clerk is **DIRECTED** to docket the Response and its Exhibit (at [R. 83-1] and [R. 83-2]) separately.

2. The defendant's **Motion for Extension of Time to File Its Response to Plaintiff's Objections to Magistrate Opinion and Order** [**R. 81**] is **DENIED AS MOOT**.

3. The plaintiff's **Objections to Magistrate's Opinion & Order (Dkt 79)** [**R. 80**] is **OVERRULED**.

4. The parties **SHALL** comply with the previous Order of the Court [R. 89] directing the parties to file, within **ten (10) days from the date of entry of this Order**, a joint proposed scheduling plan for the remaining discovery to be conducted as laid out in the previous Order of this Court [R. 79] as well as a new dispositive motion deadline.

This the 21st day of November, 2018.

